No. 14,815.

MCCANN *v.* DOUGHTY.
(115 P. [2d] 395)

Decided June 23, 1941.

Mr. A. X. ERICKSON, Mr. DON B. OLIVER, for plaintiff in error.

Mr. GEORGE FISCHER, Mr. DAVID W. SARVAS, Mr. CLIFFORD J. GOBBLE, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS is an action by a daughter, an only child, against her father, to enforce an alleged oral agreement between her parents not to make any disposition by will, of their

real and personal property, but to hold it in trust for the benefit of the daughter, and that the survivor would within a reasonable time transfer to her one-half of said property and hold the remainder thereof, to be used by the survivor for reasonable support and maintenance until death, and by will or other form of transfer cause the balance remaining to become the property of plaintiff. At the conclusion of the introduction of evidence on behalf of plaintiff the court, on motion of counsel for defendant, ordered a nonsuit and entered a judgment of dismissal, and plaintiff is here by writ of error, seeking reversal.

The parents were married for approximately thirty-four years, when in September, 1937, the mother died. The father remarried in 1939, at which time the daughter demanded performance of the alleged agreement, and was told by the father, "Well, now, Helen, if you think you can get just one dime, you just go right to the law." During their marriage, and prior to the mother's death, the parents had, by their joint efforts, accumulated property of the approximate value of $87,000, in which was included a legacy to the mother in the sum of $50 and an inheritance by the father of approximately $700.

In granting a motion for nonsuit against plaintiff the trial court determined: (1) That no such agreement was proven; (2) that if there was such an agreement, it was void under the statute of frauds; (3) that there was no consideration for such an agreement.

If no agreement was proven by plaintiff, it is, of course, not necessary to determine the questions of avoidance under the statute of frauds, or failure of consideration. This is not an action to determine what, if any, property belonged to the mother. There is no evidence that the title to any of the property held by the father was in the mother at the time of her death. Counsel for plaintiff, seemingly, contend for some kind of partnership relation between the parents, but none

is pleaded and none is proven. No community system of property, such as exists in some other states, growing out of the marriage relation, prevails in this jurisdiction. The alleged agreement is predicated upon conversations and voluntary statements made primarily by the father, in which the mother sometimes joined, to the effect that in the event of the death of either, they wanted their respective shares of the property to go to the daughter. The trial court was of the opinion that statements relative to those matters were "merely conversation, lacking the essential elements of a contract." While the objective sought by plaintiff strikes a responsive cord, a careful perusal of the record leads us to the conclusion that these conversations were not sufficient to establish the terms of the agreement alleged in the complaint. No error was committed in sustaining defendant's motion for a nonsuit.

Judgment affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK not participating.